**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:22-bk-03068** |
| **KAREN ANN MORALES,** | ) | **Chapter 7** |
| Debtor. | ) | **Judge Mashburn** |
| | ) | |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Adv. Proc. No. _____** |
| **CARVANA, LLC, BRIDGECREST** | ) | |
| **ACCEPTANCE CORPORATION, and** | ) | |
| **KAREN ANN MORALES,** | ) | |
| Defendants. | ) | |

<u>COMPLAINT TO AVOID LIEN, FOR TURNOVER, AND AWARD OF FEES</u>

Plaintiff, Jeanne Ann Burton, chapter 7 trustee herein ("Trustee"), alleges upon knowledge as to herself and her acts, and upon information and belief as to all other matters, as follows as her Complaint against Carvana, LLC ("Carvana"), Bridgecrest Acceptance Corporation ("Bridgecrest"), and Karen Ann Morales ("Debtor") (Carvana, Bridgecrest, and Debtor, collectively the "Defendants"):

<u>Jurisdiction, Venue and Parties</u>

1.      This adversary proceeding is brought pursuant to, and under, Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3001-1 to seek relief in accordance with sections 542, 547, 550 and 551 of title 11 of the United States Code, 11 U.S.C. § 101-1330 (the "<u>Bankruptcy Code</u>").

2.      The Court has jurisdiction over this subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334.  This adversary proceeding is a core proceeding as to which the Court may enter final judgment under 28 U.S.C. §§ 157(b)(2)(E), (F) and (O).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. Jeanne Ann Burton, a resident of Tennessee serving as court-appointed chapter 7 trustee in this matter, is Plaintiff in this adversary proceeding.

5. Carvana, LLC is a limited liability company formed under the laws of the State of Arizona, and may be served process at: Carvana, LLC; c/o Corporation Service Company; 2908 Poston Avenue; Nashville, Tennessee 37203-1312.

6. Bridgecrest Acceptance Corporation is a corporation formed under the laws of the State of Arizona, and may be served process at: Bridgecrest Acceptance Corporation; c/o Corporation Service Company; 8825 N. 23rd Avenue, Suite 100; Phoenix, AZ 85021.

7. Karen Ann Morales is a resident of Tennessee and may be serve process at: Karen Ann Morales; 3138 Barretts Ridge Drive; Murfreesboro, TN 37130.

Procedural Background

8. On September 22, 2022 (the "Petition Date"), Karen Ann Morales ("the "Debtor") filed a voluntary petition in this Court under chapter 7 of the Bankruptcy Code.

9. Jeanne Ann Burton was appointed as chapter 7 trustee in this matter on September 22, 2022.

FACTS

10. The Debtor is the owner of a 2017 Jeep Renegade[1], VIN ZACCJAAB4HPF95411 (the "Vehicle"). According to the Debtor's filed statements, the vehicle has a value of $23,262.00, but was subject to a lien in the amount of $24,000 in favor of Bridgecrest.

11. A notice of appearance (Doc. 9) was filed by Bridgecrest directing that all notices be directed to AIS Portfolio Services, LLC ("AIS"). The notice of appearance indicated that AIS is the bankruptcy servicer for Bridgecrest.

---

[1] The Debtor's schedules incorrectly refer to the Vehicle as a Jeep Wrangler but the title indicates it is a Jeep Renegade.

12.     The Trustee has repeatedly requested from Bridgecrest and its agent, AIS, proof of a valid lien on the Vehicle, including a written demand pursuant to Local Rule 3001-1, but has received nothing from AIS, Bridgecrest or Carvana.  Bridgecrest and Carvana have failed to provide proof of a security interest in the Vehicle, and have failed to provide any such notice within twenty-one (21) days after the Trustee notified the Defendants in writing of their non-compliance.

13.     According to the title attached to the Reaffirmation Agreement (Doc. 18), the actual lienholder is Carvana.  Upon information and belief, Bridgecrest is the loan servicer for Carvana.  The Reaffirmation Agreement lists AIS as the bankruptcy servicer for Carvana.  AIS has received multiple document requests from the Trustee.

14.     The Trustee has also repeatedly requested the application for title on the Vehicle. According to the copy of the title attached to the Reaffirmation Agreement, the Vehicle was purchased on June 7, 2022, and the title was issued on July 18, 2022.  Accordingly, the lien in favor of Carvana (the "Lien") was perfected within ninety (90) days of the Petition Date but more than thirty (30) days after the purchase.  On its face, in the absence of proof that title was timely requested, Carvana's lien is avoidable pursuant to 11 U.S.C. § 547.

15.     The Vehicle is property of this bankruptcy estate and, without any lien by the Bridgecrest or Carvana, may be sold for the benefit of the creditors of this estate.

16.      The notation of the Lien on the title to the Vehicle created a lien in favor of Carvana within the ninety (90) days preceding the Petition Date.  The Lien constitutes a transfer of an interest of the debtor in property that was made to or for the benefit of the Carvana.

17.     The Lien was a transfer of interest of property of the Debtor.

18.     The Lien was a transfer to or for the benefit of Carvana.

19.     The Lien was a transfer for or on account of antecedent debt owed by the Debtor before such transfer was made.

20.     The Lien was made while the Debtor was insolvent or was presumed to be insolvent.

21. The Lien enabled Carvana to receive more than Carvana would have received if (i) this case was a case under chapter 7 of the Bankruptcy Code, (ii) the Lien had not been perfected, and (iii) Carvana received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

## CLAIM: LIEN PRECLUSION PURSUANT TO LOCAL RULE 3001-1

22. The Trustee incorporates herein each of the allegations contained in Paragraphs 1 through 21 of this Complaint.

23. Bridgecrest and Carvana have failed to provide proof of any security interest in the Vehicle pursuant to Local Rule 3001-1(a). Moreover, Bridgecrest and Carvana have failed to provide proof of any security interest within twenty-one (21) days of written notice of non-compliance by the Trustee, in violation of Local Rule 3001-1(b).

24. As a result, Bridgecrest and/or Carvana are precluded from presenting to the Court any information purporting to evidence a lien against the Vehicle, and any such lien should be voided.

25. Furthermore, the Court should grant the Trustee reasonable expenses and attorneys' fees against Bridgecrest and/or Carvana for pursuing this action pursuant to Local Rule 3001-1(b)(1)(b).

## CLAIM: PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547

26. The Trustee incorporates herein each of the allegations contained in Paragraphs 1 through 25 of this Complaint.

27. The Lien is an avoidable preferential transfer pursuant to section 547(b) of the Bankruptcy Code and the Trustee may recover the value of the Vehicle from Carvana or avoid the Lien pursuant to an order of this Court and section 550 of the Bankruptcy Code.

## CLAIM: TURNOVER PURSUANT TO 11 U.S.C. § 542

28.     The Trustee incorporates herein each of the allegations contained in Paragraphs 1 through 27 of this Complaint.

29.     Upon information and belief, the Vehicle is in possession of the Debtor.

30.     The Vehicle is property of the estate.  The Vehicle must be turned over by the Debtor, and the title to the Vehicle must be turned over by Bridgecrest and/or Carvana, to the Trustee pursuant to section 542 of the Bankruptcy Code.

31.     Moreover, to the extent it is required by the State of Tennessee, the Defendants should be ordered to cooperate with the Trustee in retitling the Vehicle in the name of the Trustee or this bankruptcy estate without any lien noted on the Title.

WHEREFORE, the Trustee requests that the Court enter judgment (i) precluding Bridgecrest and/or Carvana from asserting a lien against the Vehicle pursuant to Local Rule 3001-1, (ii) avoiding any lien on the Vehicle in favor of Bridgecrest and/or Carvana; (iii) ordering Bridgecrest and/or Carvana to turnover the title to the Vehicle to the Trustee, (iv) ordering the Debtor to turnover possession of the Vehicle to the Trustee, (v) ordering the Defendants to cooperate with the Trustee to obtain issuance of a title for the Vehicle in the name of the Trustee and/or this bankruptcy estate without the Lien noted on the title; (vi) awarding the Trustee reasonable attorneys' fee and expenses against Bridgecrest and Carvana for pursuing this action; and (vi) granting such other and further relief, at law or in equity, as is appropriate under the circumstances.

RESPECTFULLY SUBMITTED:


/s/ Phillip G. Young , Jr.
Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com

Counsel for the Trustee